Sand *v.* Metropolitan Life Insurance Company et al., Appellants.

Argued December 11, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John R. Bredin,* with him *Dalzell, McFall & Pringle,* for appellants.

*Sylvia Schlesinger,* for appellee.

OPINION BY KELLER, P. J., January 30, 1940:

The judgment entered by the court below in favor of the claimant in this workmen's compensation case, in affirmance of the award of the board, must be reversed, not because of his violation of orders of his employer, but because when he was injured he was not in the course of his employment by the defendant insurance company.

The business of insurance is one peculiarly subject to regulation by the various states. Under the Insurance Department Act of 1921, P. L. 789, it is made a misdemeanor for any individual, copartnership or corporation to solicit insurance or transact business within this Commonwealth as the agent of an insurance company without the license required by the Act (sec. 603).

Similar statutes are in force in most of the states of the Union, and it was proved, without denial, that the State of Ohio had at the time claimant was injured and still has such a statute in force. See General Code of Ohio, relating to Insurance, section 654—sub-sections 2, 8, 12.

The claimant, Harry Sand, was employed as an agent by the defendant, Metropolitan Life Insurance Company, at its Millvale office, and was duly licensed as such for the States of Pennsylvania and New York. He was paid only by commissions and had to pay his own expenses. He held no license for the State of Ohio. He was injured in an automobile accident at 3:30 o'clock in the morning of May 4, 1937, near East Liverpool, Ohio, on his way home from Cleveland, Ohio, where he had gone to solicit a life insurance prospect, and had induced him to apply for a $25,000 policy. He knew that he could not legally transact any insurance business in Ohio, for he testified: "I told him [the prospect] that being in Ohio, I am not licensed, so he should come to Pittsburgh and be examined in Pittsburgh. So he told me he would be there on a Thursday, the way he was scheduled, and he would call me." He admitted that the company and his superiors at his office knew nothing about the proposed trip out of the state, that he never notified them about it, that he had no understanding about it, and had never received any instructions from them or any of them to go out of the state to secure business.

While claimant was an agent assigned to the Millvale office in Allegheny County, his license as an agent authorized him to do business anywhere in Pennsylvania, but it gave him no authority whatever to solicit insurance or transact business for defendant outside the Commonwealth. If a friend or client who wanted insurance chose to come into this State and apply to him for insurance, he could legally take the application and forward it to the Company, and the fact that the appli-

cant's residence might be in another state would not inform the company of any illegality in the transaction, for unless the agent had solicited the business in a state where he held no license the transaction throughout was entirely legal. Hence testimony produced on the part of claimant that in the nine years for which he acted as agent for defendant company he had forwarded four applications from persons who were residents of other states, did not put the insurance company on notice of any violation of law by him; for all the applications were signed and the medical examinations taken in Pennsylvania. For example, one policy was obtained for his brother, Herman Sand, of Jersey City, N. J., but it was applied for and the medical examination held in Pittsburgh.

Much of the testimony in the record related to trips claimant had made, for the purpose of soliciting insurance, to points in Pennsylvania outside of the district to which his office was attached, but as his license was good throughout the State of Pennsylvania and there was no rule of the company limiting his activities as an agent for ordinary life business to any locality or localities within the state, he was violating no law of the state or rule of the company in doing so. But when he went outside the state and in violation of the law of a sister state solicited insurance, in order to get the commission, and did this without the knowledge, authority or instructions of his employer, in so violating the law he was acting outside the scope of his employment, which limited his activities as agent to the state or states by which he had been licensed as an agent for the defendant company, and if he was injured while he was so acting outside the scope of his employment and in violation of the laws of Ohio, he did not become entitled to compensation payable only for an injury in the course of his employment.

The record is barren of any evidence which would justify the referee or board in finding that claimant was injured on May 4, 1937 in East Liverpool, Ohio, in the

course of his employment by the Metropolitan Life Insurance Company. His employment as an insurance agent by the Metropolitan Life Insurance Company was limited to states from which he had secured a license to represent that company as agent. He had no such license for the State of Ohio and his solicitation of business in that state in violation of the laws of Ohio forbidding it, was not in the course of his employment; nor was the injury sustained while claimant was actually engaged in the furtherance of the business or affiairs of the Metropolitan Life Insurance Company, notwithstanding the fact that if, pursuant to such illegal solicitation, the insurance prospect had come to Pittsburgh, signed an application and passed a medical examination, the company might lawfully have issued a policy without knowledge of the initial illegal solicitation.

It is not necessary to consider the other grounds of defense presented by the defendant.

The judgment is reversed and is now entered in favor of the defendant.